**STATE OF TENNESSEE ex rel. Eugene DAVIS, Plaintiff,**

v.

**Uel HARTMAN, Individually and as Sheriff of Washington County, Tennessee; County of Washington County, Tennessee; Work House Commission of Washington County, Tennessee; Western Surety Company of Sioux Falls, South Dakota; Memorial Hospital, Inc.; and Dr. Horace Cupp, Defendants.**

No. 2384.

United States District Court
E. D. Tennessee,
Northeastern Division.

Oct. 27, 1969.

See also D.C., 303 F.Supp. 411.

W. E. Bowman, Jr., Greeneville, Tenn., for plaintiff.

Walter L. Price, Bryant, Price & Brandt, Johnson City, Tenn., of counsel for defendant, Memorial Hospital, Inc.

J. Paul Coleman, Simmonds Herndon, Johnson & Coleman, Johnson City, Tenn., of counsel, for defendant, Dr. Cupp.

Robert M. May, Jonesboro, Tenn., of counsel, for defendants, Uel Hartman, County of Washington, Tenn., Work House Commission and Western Surety Co., of Sioux Falls, S. D.

Ferdinand Powell, Jr., Epps, Powell, Weller, Taylor & Miller, Johnson City, Tenn., of counsel, for Hartman, Washington County, Work House Commission and Western Surety Co.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action for damages for violation of the plaintiff's civil rights. 42 U.S.C. §§ 1981, 1983. The four remaining defendants have filed respective motions for a dismissal of the complaint as to each of them.

**612**

■ The defendant sheriff Hartman contends that the complaint fails to state a claim against him on which relief can be granted, Rule 12(b) (6), Federal Rules of Civil Procedure, in that no violation by him of the plaintiff's civil rights is alleged to have proximately caused the injuries of which the plaintiff complains. There is no merit to this contention. This defendant has been placed on fair notice of the plaintiff's claim and the grounds upon which it rests. Conley v. Gibson (1957), 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80, 85 [10]. The plaintiff claims that the conduct of the defendants occurred while the latter were acting under color of state law, and that such conduct subjected him to the deprivation of his rights, privileges and immunities secured by the Constitution and laws of the United States. This states a cause of action. Basista v. Weir, C.A.3 (1965), 340 F.2d 74, 79 [3].

■ This defendant also moves the Court to require the plaintiff to make more definite statements in certain particulars. Rule 12(e), Federal Rules of Civil Procedure. The plaintiff is not required to set out in detail the facts upon which he bases his claim. Conley v. Gibson, *supra*. The details are available to this defendant through the utilization of the pretrial discovery techniques. Rules 26–37, inclusive, Federal Rules of Civil Procedure. The plaintiff's claim meets the requirements of Rule 8(a) (2), Federal Rules of Civil Procedure, and necessitates a rejection of this defendant's motion for more definite statements. 2A Moore's Federal Practice 2389, ¶ 12.18. The aforementioned motions are accordingly hereby denied.

The defendant Western Surety Company of Sioux Falls, South Dakota, raises the interesting point in a further motion to dismiss the complaint because it fails to state a claim against it on which relief can be granted, Rule 12(b) (6), Federal Rules of Civil Procedure, on the ground that it is not alleged by the plaintiff to have violated his civil rights; and, as the plaintiff's claim against it does not arise under the federal Constitution, laws or treaties, this Court has no jurisdiction over it under 28 U.S.C. § 1331(a). This defendant claims its connection to the subject matter is limited to its suretyship on the official bond of its codefendant Mr. Hartman.

Concededly, the plaintiff has stated no claim on which relief could be granted against this defendant for violating *per se* his civil rights. But this defendant, as surety on the official bond of its codefendant Mr. Hartman, is as liable to the plaintiff for any wrongful act of Mr. Hartman " * * * committed under color of his office * * *" as is Mr. Hartman. T.C.A. § 8–1920 (3); State ex rel. Harbin v. Dunn, (1943), 39 Tenn. App. 190, 308 [14], 282 S.W.2d 203, 211, certiorari denied (1943). In the absence herefrom of this defendant, the plaintiff cannot, therefore, be accorded complete relief among all the parties. Rule 19(a) (1), Federal Rules of Civil Procedure. Further, this defendant has an interest relating to the subject of this action, in which it is so situated that the disposition hereof may as a practical matter impair or impede its ability to protect its own interests. Rule 19(a) (2) (i), Federal Rules of Civil Procedure.

■ The plaintiff has properly invoked the jurisdiction of this Court, *supra*. If the defendant Mr. Hartman is found liable to the plaintiff, by operation of Tennessee law, *supra*, this defendant is also liable to the plaintiff, *supra*. In this situation, the plaintiff has stated a claim against this defendant, Rule 8, Federal Rules of Civil Procedure, on which relief can be granted by this Court. The motion of this defendant, accordingly, hereby is denied.

■ The defendants County of Washington, Tennessee and the Workhouse Commission of Washington County, Tennessee, also move for dismissals as to them, on the ground that the complaint states no claim against either of them on which relief can be granted. Rule 12(b) (6), Federal Rules of Civil Procedure. These motions have merit. Neither of

these defendants is a "person" within the contemplation of the federal civil rights statutes. Deane Hill Country Club, Inc. v. City of Knoxville, C.A.6 (1967), 379 F.2d 321, 324 [2], certiorari denied (1967), 389 U.S. 975, 88 S.Ct. 476, 19 L.Ed.2d 467, citing Monroe v. Pape (1961), 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492; * see memorandum opinion and order of June 26, 1969 in Robert Collins v. The State of Tennessee, the County of Johnson, et al., civil action no. 2297, this district and division. The motions of these defendants, therefore, hereby are granted, and as to them, the complaint herein hereby is dismissed.

---

* If, *arguendo*, this county were performing a proprietary function, the rule is the same herein. Monroe v. Pape, supra, 5 L.Ed.2d at 507 (headnote 13), fn. 50.