Terry W. CASEY et al., Plaintiffs,

v.

I. G. PURSER, Individually and as Chief of Police of the Police Department of the City of Oklahoma City, Oklahoma, et al., Defendants.

No. 74-183-D Civil.

United States District Court,
W. D. Oklahoma,
Civil Division.

Aug. 14, 1974.

Rick Chew, Mary E. Bane, Thomas A. Williams, Oklahoma City, Okl., for plaintiffs.

Walter M. Powell, Jerry R. Fent, D. C. Thomas, Robert S. Baker, Paul C. Duncan, Oklahoma City, Okl., for · defendants.

## ORDER

DAUGHERTY, Chief Judge.

This case is based on alleged Civil Rights Act violations and acts of negligence resulting from the arrest and detention of the Plaintiffs. It appears that on February 16, 1974 a confidential informer contacted the Oklahoma City Police Headquarters and in two telephone conversations stated that marijua-na was being sold at a party then occurring at 3800 N.W. 34th Street in Oklahoma City, Oklahoma. On the basis of this information Officer Lambert made an affidavit and obtained a search warrant. Officer Lambert then transferred the warrant to Officer Shahan, who in the company of other officers, proceeded to the stated address where the warrant was served by Officer Shahan, and all fifty-two persons present were arrested. They were taken to police headquarters where they were searched. After being detained for varying periods of time they were released. Everyone who was arrested was fingerprinted and booked. The search of the arrested persons and the house at the abovementioned address revealed a quantity of marijuana and barbiturates in the possession of three of the arrested persons. No evidence of the sale of marijuana was found.

28 U.S.C. § 1343(3) is relied on to provide the jurisdictional basis for this Court. 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1988 are relied on to provide the substantial basis required by 28 U.S.C. § 1343(3). The City of Oklahoma City, the Mayor of Oklahoma City and the members of the City Council of the City of Oklahoma City are named as Defendants in both their individual and official capacities. The City of Oklahoma City, its Mayor and the members of its City Council have moved to be dismissed from this lawsuit. Their Motions should be sustained.

■ For the purposes of a Motion To Dismiss, the material allegations of the Complaint are taken as true and the Complaint is to be liberally construed in favor of the Plaintiffs. Jenkins v. McKeithen, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). Applying this standard, it is evident that Plaintiffs have failed to state a claim or cause of action against these Defendants upon which relief can be granted.

Plaintiffs have asserted causes of action against the Defendants, City of Oklahoma City, Mayor of Oklahoma City and members of the City Council of Oklahoma City under (1) the Civil Rights Act and (2) in tort.

## I. THE CIVIL RIGHTS ACT CAUSE OF ACTION AGAINST THE CITY OF OKLAHOMA CITY

42 U.S.C. § 1983 is the only one of the Civil Rights Act statutes cited by Plaintiffs which is applicable to the facts alleged in the Complaint as to the Defendant City of Oklahoma City.

■ It is well settled that a city is not a person within the contemplation of 42 U.S.C. § 1983 and a cause of action will not lie against a city under said section. City of Kenosha v. Bruno, 412 U. S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109; Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Howell v. Cataldi, 464 F.2d 272 (Third Cir. 1972); Bush v. Robinson, 442 F.2d 393 (Third Cir. 1971).

■ The limited waiver of municipal immunity from suit for torts committed by its employees while engaging in governmental activities granted by the Oklahoma Governmental Tort Liability Act, 11 Oklahoma Statutes § 1751 et seq., does not affect the immunity of a city from suit under 42 U.S.C. § 1983. Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); Dewell v. Lawson, 489 F.2d 877 (Tenth Cir. 1974).

■ Therefore, it must be concluded that Plaintiffs have failed to state a claim or cause of action based on the Civil Rights Act against the City of Oklahoma City upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. The Civil Rights Act claim against the City of Oklahoma City should be dismissed.

## II. THE CIVIL RIGHTS ACT CAUSE OF ACTION AGAINST THE MAYOR OF OKLAHOMA CITY AND MEMBERS OF THE OKLAHOMA CITY COUNCIL

■ It is also settled that high city officials, such as the Mayor and Councilmen, cannot be held liable for the acts of lower city officers and employees in a Civil Rights Act case brought pursuant to 42 U.S.C. § 1983. Boettger v. Moore, 483 F.2d 86 (Ninth Cir. 1973). Again, we find that 42 U.S.C. § 1983 is the only statute of those upon which Plaintiffs rely that is applicable to the facts alleged in the Complaint as to the Defendants Mayor and Councilmen.[1]

■■ The doctrine of respondeat superior is inapplicable in actions brought pursuant to the Civil Rights Act. Johnson v. Glick, 481 F.2d 1028 (Second Cir. 1973), cert. denied 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32; Christian v. Anderson, Case No. 74-241, Aug. 9, 1974 (Tenth Cir. 1974); Battle v. Lawson, 352 F.Supp. 156 (W.D.Okl.1972); Barrows v. Faulkner, 327 F.Supp. 1190 (N. D.Okl.1971); Salazar v. Dowd, 256 F. Supp. 220 (D.Colo.1966); Ammlung v. City of Chester, 355 F.Supp. 1300 (E.D. Pa.1973). There being no allegation of direct personal involvement by the Defendants Mayor and Councilmen, respondeat superior or vicarious liability is the only possible basis for their liability. That doctrine being inapplicable to Civil Rights Act claims, Plaintiffs have failed to state a claim or cause of action founded on the Civil Rights Act against the Mayor and Council Members upon which relief may be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. Therefore, the Civil Rights Act claim against the Mayor and Council Members should be dismissed.

## III. CAUSE OF ACTION FOUNDED IN TORT AGAINST THE CITY OF OKLAHOMA CITY, THE MAYOR AND CITY COUNCILMEN

■ Plaintiffs do not assert diversity of citizenship as the jurisdictional basis for their non-federal tort claim. Obviously, diverse citizenship is not present. As there is no viable Federal cause of action asserted against the City of Oklahoma City, the Mayor and the City Councilmen, we decline to exercise

---

1. 42 U.S.C. § 1985(3) is inapplicable to Defendants Mayor and Councilmen because there is no allegation that they were involved in a conspiracy.

pendent jurisdiction over the alleged non-federal tort claim against them. The landmark case of United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) teaches that the doctrine of pendent jurisdiction allows the joinder of Federal and non-federal claims arising out of "a common nucleus of operative fact", but, the Court stated, ". . . if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense,[2] the state claims should be dismissed as well."

■ Moreover, United Mine Workers v. Gibbs, *supra*, and the later case of Moor v. County of Alameda, *supra*, both announce that the exercise of pendent jurisdiction in the Federal Courts is discretionary with the Court, is not a matter of right to a litigant and need not be exercised in every case even when found to exist. In the exercise of this discretion, it would appear that insubstantiality of the alleged Federal claim in a jurisdictional sense as discussed in United Mine Workers v. Gibbs, *supra*, should be given appropriate consideration. United Mine Workers v. Gibbs, *supra* and Moor v. County of Alameda, *supra*, mention, in connection with the exercise of this discretion, considerations of judicial economy, convenience, fairness to litigants, the desirability that the Federal Courts avoid making needless decisions of State law and the likelihood of jury confusion by the presentation of divergent legal theories of recovery. Convenience and fairness to the Movants as nonparticipating actors herein are not served by requiring them to defend with those who were active participants in the event. The rather recent Oklahoma "Governmental Tort Liability Act", 11 Oklahoma Statutes § 1751 et seq., could be involved and the

Oklahoma Supreme Court has not had opportunity to enter but two rulings on this Act. Jury confusion would exist with two divergent legal theories of recovery allowable against certain Defendants (Civil Rights Act and negligence) and only one theory (negligence) against other Defendants.

■ Furthermore, Moor v. County of Alameda, *supra*, recognizes and does not denounce a line of cases holding that the doctrine of pendent jurisdiction allows a joinder of causes of action arising out of a common nucleus of operative fact but does not allow a joinder of parties, which is to say that the Federal and non-federal causes of action must be against the same party Defendant or Defendants and that it is not permissible to join a federal cause of action against certain Defendants and a non-federal cause of action against other Defendants against whom there is not present a federal cause of action. See Moor v. County of Alameda, *supra*, 411 U.S. at page 714, 93 S.Ct. at page 1798, 36 L.Ed.2d at pages 612–613 and footnote 30. These authorities would negate pendent jurisdiction herein against the Movants.

Therefore, under the above-quoted authority in United Mine Workers v. Gibbs, *supra*, and in the discretion of the Court for the reasons aforesaid, as well as the rule established in the cases cited in footnote 30 in Moor v. County of Alameda, *supra*, pendent jurisdiction should not be exercised herein against the City of Oklahoma City, the Mayor and the City Councilmen but the alleged non-federal claim against them should be dismissed with the dismissal of the Federal claim against them brought under the Civil Rights Act.

As there is no Federal claim stated against the City of Oklahoma City, the

---

2. Here the Federal claim was plainly insubstantial as to the Defendant City of Oklahoma City for the decision of City of Kenosha v. Bruno, *supra*, was announced prior to the Plaintiffs' institution of this action against the City and likewise the Federal claim was plainly insubstantial as to the other movants for prior to the institution of this action against them the non-applicability of the doctrine of respondeat superior in Civil Rights Act cases had been announced in several authoritative decisions. See Paragraph II, *supra*.

Mayor of Oklahoma City, or the members of the City Council of the City of Oklahoma City, and as diversity of citizenship is lacking between Plaintiffs and these Defendants as to the alleged non-federal claim against them and as pendent jurisdiction should not be exercised herein against them for any one or more of the reasons aforesaid, the motions to dismiss under consideration should be sustained and the Defendants City of Oklahoma City, Mayor Patience Latting and Councilmen F. Anthony Zahn, Goree James, Neal Balkan, John Smith, Kenneth Boyer, Stewart Meyers, Bill Bishop and Eugene Mathews should be dismissed from this action.