Curtis COLLUM, Plaintiff,

v.

Robert J. YURKOVICH et al., Defendants.

No. 74 C 1231.

United States District Court, N. D. Illinois, E. D.

Sept. 12, 1975.

Lawrence Rubinstein, Sigmund J. Chavis, Chicago, Ill., for plaintiff.

John V. Virgilio, Chicago, Ill., for defendants.

## MEMORANDUM RULING ON MOTION

AUSTIN, District Judge.

In this action, the City of Chicago filed a motion to dismiss claims made against it by the Plaintiff. The Plaintiff alleged that he was beaten by several Chicago police officers while in custody and, as Defendants, he named the individual police officers, several of their supervisors, and the City of Chicago. The Defendant City filed this motion to dismiss the suit as to itself, stating that (1) the court lacked jurisdiction over the subject matter in this litigation; and (2) the complaint, as directed against the City, failed to state a cause of action upon which relief could be granted. For the reasons stated below, the City's motion must be denied.

## JURISDICTION

■ Due to the fact that a municipal government is not regarded as a "person" subject to suit under the Civil Rights Act (42 U.S.C. § 1981 *et seq.*),[1] the Plaintiff chose to assert that the court had jurisdiction over this matter through 28 U.S.C. § 1331, the federal question jurisdictional statute. Plaintiff Collum stated in the complaint that, since his rights under the Fifth and Fourteenth Amendments were allegedly violated by the action of the police officers, this court possessed jurisdiction under the federal question statute of Title 28. Although case law in this area is not totally clear, I believe that jurisdiction does exist under that statute.

The Court of Appeals for the 7th Circuit shed some light upon this area in the recent decision of *Calvin v. Conlisk*, 520 F.2d 1 (7th Cir., 1975). That case was similar to the one at bar in that the Defendant City of Chicago had there also filed a motion to dismiss the counts directed against it. At issue in *Conlisk* was, among other things, whether or not the District Court had jurisdiction over the City under 28 U.S.C. § 1331 coupled with several constitutional Amendments including the Fifth and the Fourteenth. The District Court ruled that there was no jurisdiction supportable under the federal question statute (*Calvin v. Conlisk*, 367 F.Supp. 476, 482 (N.D.Ill., 1973). The Court of Appeals reversed, citing several key Supreme Court cases which seem to control the disposition of the matter before the court today.

■ The Seventh Circuit felt that the jurisdictional issue was resolved by the Supreme Court's recent ruling in *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). A fair reading of that case, coupled with the Seventh Circuit's interpretation of it, leads one to conclude that jurisdiction can be

had over municipalities under 28 U.S.C. § 1331 as long as the jurisdictional amount is satisfied.[2] Other Circuits have reached similar conclusions. *See Skehan v. Board of Trustees of Bloomsburg State College*, 501 F.2d 31 (3rd Cir. 1974) and *United Farmworkers of Florida Housing Project, Inc. v. City of Delray Beach*, 493 F.2d 799 (5th Cir. 1974).

A number of District Courts have likewise determined that jurisdiction can be had over a municipal government under the federal question statute. *See, e. g., Williams v. Brown*, 398 F.Supp. 155 (N.D.Ill.1975); *Dahl v. City of Palo Alto*, 372 F.Supp. 647 (N.D.Cal.1974); *Maybanks v. Ingraham*, 378 F.Supp. 913 (E.D.Pa.1974); *Robinson v. Conlisk*, 385 F.Supp. 529 (N.D.Ill.1974); *Contra, Gambling v. Cornish*, No. 74 C 3495, (N.D.Ill. March 4, 1975).

■ Based upon this sizeable amount of precedent, the court has no choice but to conclude that it has jurisdiction over the Defendant City of Chicago based upon 28 U.S.C. § 1331.

## FAILURE TO STATE A CLAIM

A more difficult question revolves around the Defendant City's contention that the Plaintiff's complaint fails to state a claim upon which relief can be granted due to the fact that the City should not be held liable for the acts of its agent-policemen under the doctrine of respondeat superior.

Again, the case of *Calvin v. Conlisk* controls the disposition of this issue. By holding that a cause of action existed under 28 U.S.C. § 1331 and various constitutional provisions, the Seventh Circuit has, at least implicitly, accepted the validity of the doctrine of respondeat superior as applied in situations similar to that currently before this court. In both the *Calvin* case and the one at bar, indi-

---

**1.** *See, e. g., City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, and *Hampton v. City of Chicago*, 7 Cir., 484 F.2d 602 (1973), *cert. den.*, 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974).

**2.** In this action, the plaintiff alleged actual damages well in excess of the $10,000 minimum.

vidual acts of municipal employees allegedly deprived the Plaintiffs of constitutional rights. The Seventh Circuit's conclusion that a cause of action did exist leads this court to believe that the doctrine of respondeat superior is indeed available for utilization by plaintiffs in these situations.

■ Other courts agree with this basic position. *See e. g., Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Carter v. Carlson,* 144 U.S.App.D.C. 388, 447 F.2d 358 (1971), *rev'd on other grounds,* 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973); *Williams v. Brown, supra; Thomas v. Johnson,* 295 F.Supp. 1025 (D.D.C.1968). Although some courts have concluded that there can be no vicarious liability imposed upon a municipality under the Fourteenth Amendment if the acts complained of are performed merely by employees of the governmental unit, rather than the "governmental unit itself", I reject those conclusions as illfounded and instead agree with the greater weight of authority, including the Seventh Circuit.

■ The state courts of Illinois likewise hold that, under the common law, a municipality is liable for the tortious act of its agent-police officer as long as such act is within the scope of his employment. *See, e. g., Arnolt v. City of Highland Park,* 52 Ill.2d 27, 282 N.E.2d 144 (1972) and *Andrews v. City of Chicago,* 37 Ill.2d 309, 226 N.E.2d 597 (1967). Even wilful and wanton misconduct will not insulate the municipality from potential liability. *See Hampton v. City of Chicago,* 484 F.2d 602 (7th Cir. 1973).

The distinction which the Defendant City attempts to draw in its brief between the "acts of a municipality" and "the acts of an employee" is one without substance. Most courts have not drawn such a fine line, and I will not do so in this instance.

In summary, this court has jurisdiction over the Defendant City of Chicago based upon 28 U.S.C. § 1331 and the count of the Plaintiff based upon the doctrine of respondeat superior does state a claim upon which relief can be granted. For these reasons, the motion of the City of Chicago to dismiss is denied.