Raymond ANDERSON, Plaintiff,

v.

The CITY OF CHICAGO, a Municipal Corporation, and John D. Woodlock, Defendants.

No. 74 C 2457.

United States District Court, N. D. Illinois, E. D.

April 25, 1977.

Ronald N. Heftman, Bellows & Bellows, Chicago, Ill., for plaintiff.

William R. Quinlan, Acting Corp. Counsel, George Michael Keane, Jr., Asst. Corp. Counsel, for defendant City of Chicago.

Philip C. Milsk, Chicago, Ill., for defendant John D. Woodlock.

## MEMORANDUM DECISION

MARSHALL, District Judge.

There is pending for decision the timely post-trial motion of defendant, The City of Chicago, for judgment notwithstanding the verdict, and alternatively for a new trial. For the reasons hereinafter stated, the motion is denied.

This is an action by plaintiff, Raymond Anderson, against defendants, the City of Chicago, a municipal corporation, and John D. Woodlock, a former Chicago Police Officer, for injuries suffered by plaintiff when he was unlawfully arrested and summarily punished by defendant Woodlock during the early morning hours of August 28, 1972. The claim against the City of Chicago is based directly upon the due process clause of the Fourteenth Amendment to the Constitution of the United States, with jurisdiction under 28 U.S.C. § 1331. The claim against Woodlock, similarly based upon the due process clause of the Fourteenth Amendment, is here under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3). The case has been tried to a jury which returned a general verdict in favor of the plaintiff and against both the defendants in the amount of $10,-000.

The following facts were stipulated. On August 28, 1972, John Woodlock was employed by the City of Chicago as a Police Officer. Raymond Anderson, 15 years old, was a citizen of the United States and was employed by the Chicago Sun-Times as a newspaper delivery boy.

On August 28, at about 4:00 a.m., plaintiff was delivering newspapers on his route in the vicinity of 100th and Dauphine Streets in Chicago. Woodlock was on duty as a Chicago Police Officer assigned to a single man Chicago Police Department squad car in the Seventh Police District of Chicago. The area of 100th and Dauphine Streets is not within the Seventh Police District.

On August 28, between the hours of 4:00 and 4:30 a.m., Woodlock approached plaintiff in front of 667 East 100th Street in Chicago. He was in uniform and was driving a marked Chicago Police Car, and was acting under color of state law. He had not been excused from his patrol in the Seventh District. At that time, Woodlock lived at 649 East 100th Street, several doors west of the point of his encounter with plaintiff.

The balance of the facts were sharply disputed, the principal witnesses being plaintiff and defendant Woodlock. Plaintiff testified that as he was completing his newspaper deliveries, he was approached by Woodlock in front of 667 East 100th Street. Woodlock claimed to have observed a bent pin lying on the ground near plaintiff's feet and accused plaintiff of using the pin to pry open the door of a car parked in the driveway of 667. Plaintiff denied any knowledge of the pin and told Woodlock he was a newspaper delivery boy. According to plaintiff, Woodlock then handcuffed him, forced him into the back seat of his patrol car, beat him with his fists and billy club, choked him and jabbed his billy club in plaintiff's mouth. Woodlock then drove plaintiff in the patrol car some distance from 100th and Dauphine Streets releasing him with a warning that he would shoot plaintiff if he saw him in the neighborhood again.

After his release, plaintiff returned to his home where he reported the incident to his mother and underwent treatment for his injuries at Roseland Community Hospital.

For his part, Woodlock testified that while on duty, he went to his home at 649 East 100th Street to check to see if all was secure. While in the neighborhood, he observed plaintiff attempting to break into a car in the driveway at 667. He approached plaintiff inquiring as to the reason for his presence in the neighborhood. Plaintiff insulted him. Woodlock put plaintiff in his squad car, drove him a short distance, reprimanded him and released him. Woodlock denied inflicting any physical injury upon plaintiff.

The City adduced evidence that Woodlock was in violation of Police Department regulations in leaving his beat. But under either version of the facts, Woodlock's initial encounter with plaintiff was that of a Police Officer, purportedly investigating the commission of an alleged offense.

The jury heard the testimony of the witnesses, observed their demeanor, and resolved the conflict in favor of the plaintiff and against the defendants, awarding, as we have said, $10,000 in damages to the plaintiff.

Defendant Woodlock has not sought any post-trial relief. Defendant the City of Chicago urges five grounds which we will briefly discuss seriatim.

1. *The City is not amenable to suit under 42 U.S.C. § 1983 nor in a direct action under the due process clause of the Fourteenth Amendment*

■ We have earlier denied the City's motion to dismiss it as a party defendant in which it urged these same grounds.

Of course, the City is not a person under 42 U.S.C. § 1983. But plaintiff's claim against it is a direct action under the due process clause of the Fourteenth Amendment, with jurisdiction here under 28 U.S.C. § 1331. We recognize that there is some divergence of opinion with respect to a plaintiff's right to maintain such a direct action, and also with respect to the application of the doctrine of *respondeat superior* or vicarious liability to a municipal corporation in such an action. We addressed these

questions in *Williams v. Brown,* 398 F.Supp. 155 (N.D.Ill.1975), in which we held under substantially similar circumstances, that a direct action does lie against the City under the due process clause of the Fourteenth Amendment and that the doctrine of *respondeat superior* is available to a plaintiff in these circumstances. *See also, Bivens v. Six Unknown Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Calvin v. Conlisk,* 520 F.2d 1 (7th Cir. 1975), rev'd on other grounds, 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1976); *Hostrop v. Board of Education of Junior College District 515,* 523 F.2d 569 (7th Cir. 1975), *cert. denied,* 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976); *Collum v. Yurkovich,* 409 F.Supp. 557 (N.D.Ill.1975).

We recognize that in its recent decision in *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), the Supreme Court left for another day the question of whether a municipal corporation can be sued for money damages directly under the First and Fourteenth Amendments. But in light of *Bivens* and *Bruno* and the decisions of the Court of Appeals of this Circuit in *Calvin* and *Hostrop,* we are constrained to adhere to our earlier conclusion expressed in *Williams v. Brown, supra.* Accordingly, the motion of defendant the City of Chicago for judgment notwithstanding the verdict on this ground is denied.

2. *The evidence adduced at trial indicates that as a matter of law Woodlock was not acting as an agent of the City at the time he had contact with the plaintiff*

■ The City urges that the evidence as a matter of law shows that at the time of his encounter with plaintiff, Woodlock was on a frolic and detour of his own which removed him from the scope of his employment so as to render the City not responsible or liable for his misconduct. It is true that the undisputed evidence shows that immediately prior to his encounter with plaintiff, Woodlock had left his beat to go check on the safety of his own home. And

there is evidence which shows that this constituted a violation of Police Department regulations. However, at the time of his encounter with plaintiff, Woodlock clearly had reentered the scope of his employment. He acted as a Police Officer in his approach to plaintiff, whether one takes plaintiff's version of the event or Woodlock's. And certainly there was evidence from which the jury could find that Woodlock was in the course and scope of his employment at the time of the incident in question. Accordingly, the City's motion for judgment notwithstanding the verdict on this ground is denied.

The City's remaining contentions are made in support of its alternative motion for a new trial.

3. *The jury's verdict was against the manifest weight of the evidence with respect to the liability of the City*

The evidence was sharply conflicting. The credibility was for the jury to resolve. Accepting the plaintiff's testimony, as the jury obviously did, it clearly supports the verdict which was rendered against both defendants.

4. *The City was prejudiced by the court's ruling that the decision of the Police Board terminating Woodlock as a Police Officer was irrelevant and inadmissible*

■ The incident in question was brought to the attention of the Chicago Police Department and disciplinary proceedings were brought against Woodlock. He was terminated as an Officer. The City sought to offer this in evidence at the trial and it was rejected. It was not relevant to any issue in the case. Certainly the fact that the City disciplined Woodlock would not in any way exonerate it from his pretermination misconduct. Nor would the fact that the City had removed Woodlock as a Police Officer appropriately mitigate the claim for damages made against it by plaintiff.

5. *The City was prejudiced by remarks made by the court during its charge to the jury regarding Woodlock's testimony concerning his termination as an Officer*

During defendant Woodlock's testimony, he volunteered that he had been separated from the Police Department. Without the transcript available, we do not recall whether that testimony was ordered stricken at the time it was given, or whether the parties permitted it to stand. In any event, during our charge to the jury, we did state that Woodlock's termination was not probative of the agency-vicarious liability issue which was submitted to it. And indeed it was not. Plaintiff certainly was not precluded by the decision of the Police Board to terminate Woodlock. While those proceedings involved in part Woodlock's earlier venture off his assigned beat, they also involved Woodlock's alleged excessive use of force. They were a subsequent remedy taken by the City in respect to an alleged errant employee and they had no place in this case. When Woodlock volunteered them, it became necessary to give the jury appropriate guidance with respect to their irrelevancy.

No other objections have been presented in respect to the evidence, the instructions, the verdict or the damages. The case, in our judgment, was fairly tried, was appropriately submitted to the jury, the jury resolved the conflicts in testimony by its verdict and the damages it awarded were fair and reasonable.

The post-trial motions of defendant The City of Chicago are denied and judgment will enter in favor of the plaintiff, Raymond Anderson, against the defendants, the City of Chicago, a municipal corporation, and John Woodlock, jointly and severally, in the amount of $10,000, plus costs in the amount of $291.92.