Allen C. CAMPBELL, Plaintiff,

v.

Harry BUCKLES et al., Defendants.

No. CIV–2–76–84.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Memorandum Opinion and Orders
Oct. 29, 1976.

On Addendum to Memorandum Opinion
and Orders Nov. 8, 1976.

Memorandum Opinion and Order
June 1, 1977.

MEMORANDUM OPINION
AND ORDERS

NEESE, District Judge.

This is an action seeking money damages and injunctive relief for the alleged deprivation of the plaintiff's federally-protected civil rights. 28 U.S.C. § 1343(3). The Court's jurisdiction is also sought to be invoked under 28 U.S.C. § 1331(a) and further under the doctrine of pendent jurisdiction as to certain purported claims arising under the law of Tennessee. The defendants moved for a dismissal on the ground of the plaintiff's failure to state a claim upon which relief can be granted, or alternatively, for a summary judgment. Rules 12(b)(6), 56(b), Federal Rules of Civil Procedure.

█ It is first contended ·that the defendant Mr. Harry Buckles, as sheriff of Carter County, Tennessee, cannot be held liable herein for the acts of his deputies. Although this is an accurate general statement of the law, *Moore v. Buckles,* D.C. Tenn. (1975), 404 F.Supp. 1382, 1383–1384[3], the complaint herein sufficiently alleges the personal involvement of Mr. Buckles to state a cognizable claim against him. *Inter alia,* it is alleged that such defendant's deputies "* * * under the direction of [sheriff] Buckles * * *" used an excessive and unreasonable amount of force in arresting the plaintiff. It is further averred that during his incarceration "* * * [the] [p]laintiff and his wife made repeated requests to [Mr.] Buckles for medical care, * * *" but that the same was unreasonably denied in violation of his civil rights. The affidavit of Mr. Buckles indicates that, although he did not physically participate in the plaintiff's arrest, he was present at the scene [1] and that apparently such arrest was conducted under his general supervision. Under such circumstances the Court cannot say "* * * beyond doubt that the plaintiff can prove

William L. Small, Barksdale, Whalley, Gilbert & Frank, Nashville, Tenn. and Carleton W. Smith, Burkhard & Smith, Greeneville, Tenn., for plaintiff.

David F. Bautista and Robert E. Banks, Street, Banks, Merryman, Bautista & Banks, Elizabethton, Tenn., for defendants.

1. *I. e.,* "* * * some 100 to 150 yards from the home of [the plaintiff's] mother * * *" where such arrest was made.

no set of facts in support of his claim [against sheriff Buckles] which would entitle him to relief. * * *" *Conley v. Gibson* (1957), 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80, 84 (headnote 4), quoted with approval in *Scheuer v. Rhodes* (1974), 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96[3–5]. The motion of Sheriff Buckles for a dismissal on such ground hereby is

OVERRULED.

■ The defendants are mistaken in their contention that the complaint fails to state substantively a claim against them upon which relief can be granted for the deprivation of the plaintiff's federally-protected civil rights. The use of an excessive and unreasonable amount of force by state law enforcement officers in effectuating an arrest is a violation of the victim's right to due process of law, Constitution, Fourteenth Amendment. *Smartt v. Lusk*, D.C. Tenn. (1973), 373 F.Supp. 102, 103[1], affirmed sub nom. *Smartt v. Stalcup*, C.A.6th (1974), 492 F.2d 1244; *Moore v. Bishop*, D.C.Tenn. (1972), 338 F.Supp. 513, 515. Furthermore, "* * * under some circumstances the denial of medical care to a prisoner may give rise to a violation of Fourteenth Amendment due process. * * * [P]rison authorities may not be deliberately indifferent to the suffering of prisoners under their care. * * *" *Westlake v. Lucas*, C.A.6th (1976), 537 F.2d 857, 859–860[5, 6]. As the late Judge Miller stated:

* * * * * *

* * * [F]undamental fairness and our most basic conception of due process mandate that medical care be provided to one who is incarcerated and may be suffering from serious illness or injury. This is not to say that every request for medical attention must be heeded nor that courts are to engage in the process of second-guessing in every case the adequacy of medical care that the state provides. But where the circumstances are clearly sufficient to indicate the need of medical attention for injury or illness, the denial of such aid constitute the depriva-

tion of constitutional due process. [Citations omitted.] * * *

* * * * * *

*Fitzke v. Shappell,* C.A.6th (1972), 468 F.2d 1072, 1076[2], quoted with approval in *Westlake v. Lucas, supra,* 437 F.2d at 860[5, 6]; *accord: Shannon v. Lester,* C.A.6th (1975), 519 F.2d 76, 79[1]; *Scharfenberger v. Wingo and Wilson,* C.A.6th (1976), 542 F.2d 328, 331. "* * * [A] prisoner states a proper cause of action [under 42 U.S.C. § 1983] when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury. * * *" *Westlake v. Lucas, supra,* 537 F.2d at 860[7–9]. Such is substantially what the plaintiff has alleged herein. Thus, the defendants' motion for a dismissal on such ground hereby is

OVERRULED.

■ The more troublesome question is presented by the motion of the defendant Carter County, Tennessee for a dismissal for failure of the plaintiff to state a claim against it on which relief can be granted herein. A county is not a "person" within the contemplation of that term as it is used in 42 U.S.C. § 1983, *Moor v. County of Alameda* (1973), 411 U.S. 693, 710, 93 S.Ct. 1785, 1796, 36 L.Ed.2d 596, 610[2], rehearing denied (1973), 412 U.S. 963, 93 S.Ct. 2999, 37 L.Ed.2d 1012, even though the county (*viz.,* for these purposes, a municipality) may be subject to vicarious liability under state law (*cf.:* T.C.A. §§ 8–833, 8–834) for the conduct of certain of its law enforcement officers, *ibid.,* 411 U.S. at 706, 93 S.Ct. at 1794, 36 L.Ed.2d at 608[11].

There is some support in the Northern District of Illinois for the proposition that, although 28 U.S.C. § 1343 provides no jurisdictional basis for a claim under 42 U.S.C. § 1983, a prisoner (or former prisoner) may circumvent the rule of *Moor, supra,* by claiming the requisite amount and asserting jurisdiction as a federal question under 28 U.S.C. § 1331(a) for deprivation of rights under the Constitution, Fourteenth Amend-

ment. *Ergo: Jamison v. McCurrie,* D.C.Ill. (1975), 388 F.Supp. 990; *Gresham v. City of Chicago,* D.C.Ill. (1975), 405 F.Supp. 410; but see and *cf.* also: *Collum v. Yurkovich,* D.C.Ill. (1975), 409 F.Supp. 557, and *Williams v. Brown,* D.C.Ill. (1975), 398 F.Supp. 155.

The Supreme Court has reserved the question, whether the Congress has the constitutional power to make counties and other municipalities liable for the acts of its officers which violate the civil rights of individual persons. *Monroe v. Pape* (1961), 365 U.S. 167, 191, 81 S.Ct. 473, 486, 5 L.Ed.2d 492, 507 (headnote 14). One house of the Congress concluded at one juncture that it lacks such power. *Moor v. County of Alameda, supra,* 411 U.S. at 709, 93 S.Ct. at 1795, 36 L.Ed.2d at 609–610[13, 14].[2]

■ With the pertinent judicial interpretations in that state of flux, this Court prefers to follow its consistent course of ruling that a Tennessee county is not subject to suit for monetary damages by an individual person claiming a deprivation of his federal civil rights, *State ex rel. Davis v. Hartman,* D.C.Tenn. (1969), 306 F.Supp. 610, 612–613[6], unless and until additional guidance to the contrary is provided from courts superior to a federal district court. Further, in this situation, the plaintiff faults the defendant-county only for having " * * * provided [the] individual [d]efendants with an official badge and identification card * * * " and with being " * * * the governmental body in whose name the individual [d]efendants performed

all acts and omissions alleged herein. * * " This is merely an adroit manner of undertaking to invoke against the defendant-county the doctrine of respondeat superior. Where, as here, monetary damages are sought[3] under the provisions of the Civil Rights Act, the doctrine of respondeat superior does not apply. *Moore v. Buckles, supra,* 404 F.Supp. at 1383–1384[3].

Accordingly, the motion of the defendant-county hereby is GRANTED, and this action hereby is DISMISSED as to the defendant Carter County, Tennessee for the failure of the plaintiff to state a claim against it on which relief can be granted herein.

■ The plaintiff further contends that the Court should exercise its pendent jurisdiction against such county over claims based upon the law of the state of Tennessee. It has generally been the rule that the doctrine of pendent jurisdiction is unavailable to assert the pendent claim against one who is not already a party defendant to a validly-existing federal claim. See e. g.: *Wojtas v. Village of Niles,* C.A.7th (1964), 334 F.2d 797, 799[1], certiorari denied (1965), 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558; *Rumbaugh v. Winifrede R. Co.,* C.A.4th (1964), 331 F.2d 530, 539[11–13], certiorari denied (1964), 379 U.S. 929, 85 S.Ct. 322, 13 L.Ed.2d 341; *Wasserman v. Perugini,* C.A.2d (1949), 173 F.2d 305, 306–307[4]; *New Orleans Public Belt R. Co. v. Wallace,* C.A.5th (1949), 173 F.2d 145, 148[2]. Even after the expansion of the doctrine by the Supreme Court, *United*

---

**2.** *City of Kenosha v. Bruno* (1973), 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109, involved a situation where a municipality, itself, had allegedly deprived a citizen of his right under the Constitution, Fourteenth Amendment. *United Farm. of Fla. H. Proj., Inc. v. City of Delray Beach,* C.A.5th (1974), 493 F.2d 799, involved a situation where a municipality, itself, refused discriminatorily to permit a proposed housing project to tie-into the municipality's existing water and sewer systems. The Second Circuit, sitting *en banc,* rejected a claim under the Constitution, Fourteenth Amendment, that a municipality had invoked state court processes to obtain a temporary injunction restraining the construction of a mobile home park in violation of an invalid zoning ordinance enacted

by the municipality. *Brault v. Town of Milton,* C.A.2d (1975), 527 F.2d 730.

These are among the authorities relied upon by the plaintiff, but patently none of them involve a federal question in which a municipality was held liable in monetary damages for the acts of its police officers.

**3.** As the defendant municipality cannot, in the present posture of the law, be held liable in monetary damages for the acts of its officers that violate the civil rights of individual persons, *supra,* it follows logically that such municipality, its " * * * agents, representatives and employees * * * " cannot be enjoined from future violations of 42 U.S.C. § 1983 on the part of its officers.

*Mine Workers of America v. Gibbs* (1966), 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218, a majority of the courts have continued to apply this rule, although there appears to be a substantial minority viewpoint conversely. See, *e. g.: Hymer v. Chai,* C.A.9th (1969), 407 F.2d 136, 137[1, 2], [3]; *Williams v. United States,* C.A.9th (1969), 405 F.2d 951, 955[7], [8]; *Casey v. Purser,* D.C.Okl. (1974), 385 F.Supp. 621, 624[11]; *Jacobs v. United States,* D.C.Ariz. (1973), 367 F.Supp. 1275, 1277[1, 2]; *Jones v. City of Houma,* D.C.La. (1972), 339 F.Supp. 473, 475[2], [3]; *Howmet Corp. v. Tokyo Shipping Co.,* D.C. Del. (1971), 320 F.Supp. 975, 979[10]; *Rosenthal & Rosenthal, Inc. v. Aetna Cas. & Sur. Co.,* D.C.N.Y. (1966), 259 F.Supp. 624, 630–631[4], [5]; *Gautreau v. Central Gulf S. S. Corp.,* D.C.La. (1966), 255 F.Supp. 615, 617–618[3]; *Letmate v. Baltimore & O. R. R.,* D.C.Ind. (1970), 311 F.Supp. 1059, 1061–1062[1, 2], [3].

Although the Supreme Court has not dealt precisely with this problem, it has (in the civil rights setting) noted the distinction between the doctrine of pendent jurisdiction in *Gibbs, supra,* and that sought to be invoked herein against Carter County by stating:

 \* \* \* \* \* \*

 \* \* \* [T]here is a significant difference between Gibbs and [the present type of] cases. For the exercise of pendent jurisdiction over the claims against the County would require us to bring an entirely new party—a new defendant—into each litigation. Gibbs, of course, involved no such problem of a "pendent party", that is, of the addition of a party which is implicated in the litigation only with respect to the pendent state law claim and not also with respect to any claim as to which there is an independent basis of

federal jurisdiction. Faced with this distinction, the courts below concluded that the exercise of pendent jurisdiction in the context of these cases was inappropriate as a matter of both judicial power and discretion. \* \* \*

 \* \* \* \* \* \*

*Moor v. County of Alameda, supra,* at 713, 93 S.Ct. at 1797, 36 L.Ed.2d at 611–612[15]. Thereafter, the Court affirmed the district court's refusal to join the pendent state claims as being within the exercise of such Court's "\* \* \* legitimate discretion. \* \* \*" *Ibid.,* 411 U.S. at 715, 93 S.Ct. at 1799, 36 L.Ed.2d at 613[3]. The question of the district court's power to exercise such jurisdiction was never decided.[4]

■ Considering these factors, plus the traditional notions of judicial economy, convenience and fairness to litigants, *Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228[4–7], and further considering the difficulty of the questions posed by such state law claims and the possibility of jury confusion with respect to separating the state from the federal claims, *Moor, supra,* 411 U.S. at 715–717, 93 S.Ct. 1798–1799, 36 L.Ed.2d at 613–614[16–18], the Court, in its discretion, hereby DECLINES to exercise any such pendent jurisdiction.

The plaintiff also seeks to invoke the Court's pendent jurisdiction over certain alleged claims arising under the substantive law of Tennessee as against the individual defendants herein. It is averred in the complaint that in connection with the plaintiff's arrest and incarceration, such defendants failed to conform to certain Tennessee statutory provisions governing such procedures.[5]

■ Having considered all such claims in light of the aforementioned factors enumerated by the Supreme Court in *Gibbs, supra,*

---

4. "\* \* \* Whether there exists judicial power to hear the state law claims against the County is, in short, a subtle and complex question with far-reaching implications. But we do not consider it appropriate to resolve this difficult issue in the present case, for we have concluded that even assuming *arguendo,* the existence of power to hear the claim, the District Court, in exercise of its legitimate discre-

tion, properly declined to join the claims against the County. \* \* \*" *Idem.*

5. *Viz.* T.C.A. §§ 40–806, 807, 818, and T.C.A. § 41–1104. It is difficult to see how the mere violation of such statutory guidelines would amount to a cognizable claim for money damages under the law of this state.

and *Moor, supra,* and having further considered the fact that the plaintiff has sufficiently alleged violations by the defendants of the federal Constitution which, if proved, would warrant an appropriate remedy for any and all wrongs arising out of the conduct complained of herein, *cf. Garrett v. City of Hamtramck,* C.A.6th (1974), 503 F.2d 1236, 1247[9], the Court, in its discretion, hereby DECLINES to exercise its jurisdiction, if any exists, over such purported pendent claims of the plaintiff.

## ON ADDENDUM TO MEMORANDUM OPINION AND ORDERS

On pages 290–291, inclusive, of its memorandum opinion and orders of October 29, 1976 herein, the Court considered whether a Tennessee county, against which an existing federal question claim had not been stated, could be joined as a new party defendant in a nondiversity civil rights cause of action brought under the provisions of 42 U.S.C. § 1983, so that the Court might adjudicate pendent state law claims. Following its earlier decisions in this area, this Court decided that it lacked such pendent jurisdiction; however, a conflict of authority was noted.

The Court's attention was not invited at that time to an earlier decision which had been released on June 24, 1976. In *Aldinger v. Howard* (1976), 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276, the Supreme Court had resolved finally such conflict.

It was held therein that, in such actions, a county (or any other municipality, for that matter) may not be thus joined " * * * for purposes of asserting a state law claim not within federal diversity jurisdiction. * * * " *Ibid.,* 427 U.S. at 17, 96 S.Ct. at 2421, 49 L.Ed.2d at 288 (see 2b). It was ruled pointedly that the " * * * Congress [had] by implication declined to extend federal [civil rights] jurisdiction over a party such as [a] [county]. * * * " *Ibid.,* 427 U.S. at 19, 96 S.Ct. at 2422, 49 L.Ed.2d at 289 (see 1b).

Thus, *State ex rel. Davis v. Hartman,* D.C.Tenn. (1969), 306 F.Supp. 610, 612–613[6], relied on by this Court, is in accord with *Aldinger, supra.*

## MEMORANDUM OPINION AND ORDER

 This is a civil action for money damages and equitable relief for the alleged deprivation of the plaintiff's federally-protected civil rights, 42 U.S.C. § 1983; 28 U.S.C. §§ 1343(3), (4). The defendant the state of Tennessee moved for a dismissal as to it for lack of the Court's jurisdiction of the subject matter. Rule 12(b)(1), Federal Rules of Civil Procedure. The plaintiff failed to make a timely response to such motion, local Rule 12(b), and it is deemed to have waived any opposition thereto, local Rule 11(f). The motion has merit.

The state of Tennessee is not a " * * * person * * * " within the meaning of 42 U.S.C. § 1983 and thus is not subject to suit thereunder. *Crafton v. Rose,* D.C.Tenn. (1972), 369 F.Supp. 131, 132[1]. Furthermore, the state of Tennessee " * * * is plainly immune from this suit for damages under the Eleventh Amendment and the holding of *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). * * * " * *Kurz v. State of Michigan,* C.A.6th (1977), 548 F.2d 172, 174[4].

The aforementioned motion hereby is GRANTED, and this action hereby is DISMISSED as to the defendant the state of Tennessee. Rule 12(h)(3), Federal Rules of Civil Procedure.

---

\* The complaint avers that such sovereign " * * * is named herein as a nominal [d]efendant * * * solely for the purpose of recovery of sums payable to [the] [p]laintiff * * * " herein.