James SCHOFIELD et ux., Plaintiffs,

v.

A. B. GILLAND et al., Defendants.

No. CIV–2–75–70.

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 31, 1975.

On Motion For Summary Judgment
Dec. 6, 1977.

Carleton W. Smith, Burkhard & Smith,
Greeneville, Tenn., for plaintiffs.

## 280

John A. Armstrong, and O. C. Armitage, Jr., Greeneville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

█ The plaintiffs claim that the defendants, acting under color of state law, deprived them of their federally-protected civil rights, both directly and conspiratorily, " * . * * by passing laws singling out the plaintiffs for discriminatory treatment * * * " in connection with their applying for placement in Tusculum, Tennessee of a mobile home and a mobile home park. 28 U.S.C. § 1343; 42 U.S.C. §§ 1983, 1985. The defendants moved for a more definite statement of such claim, on the ground that such is so vague that they cannot be required reasonably to frame a pleading responsive thereto, Rule 12(e), Federal Rules of Civil Procedure, and supported their contention with affidavits.

Therefrom, it appears that the defendants, as members of the city commission of Tusculum, Tennessee, may have enacted three ordinances on the subject of the placement of a mobile home and a mobile home park. Although the defendants are not entitled to a more definite statement otherwise, see *Madron v. Thomas*, D.C. Tenn. (1965), 38 F.R.D. 177, 178[3]; *State of Tennessee ex rel. Davis v. Hartman*, D.C. Tenn. (1969), 306 F.Supp. 610, 612[3, 4]; *Dennis v. Begley Drug Company of Tennessee*, D.C.Tenn. (1971), 53 F.R.D. 608, 609[2], [3], the plaintiffs hereby are

ORDERED to state more definitely the particular ordinance or ordinances which the defendants are alleged to have enacted which singled-out the plaintiffs for discriminatory treatment in connection with their applying for such placements. Otherwise, the defendants' motion is DENIED.

## ON MOTION FOR SUMMARY JUDGMENT

█ This is a civil action for compensatory damages and injunctive relief for the alleged deprivation of the plaintiffs' federally-protected civil rights under the provisions of 42 U.S.C. §§ 1983, 1985(3). The defendants moved for a summary judgment on the ground that this action is barred by the statute of limitations. Rule 56(b), Federal Rules of Civil Procedure. The plaintiffs failed to make a timely response to such motion and are deemed to have waived any opposition thereto. Local Rules 12(b), 11(f).

█ " * * * Because neither [42 U.S.C.] § 1983 nor § 1985 contains a statute of limitations a 'federal district court must apply the statute of limitations of the state where it sits which would be applicable in the most closely analogous state action to determine the time within which the cause of action must be commenced.' * * * " *Carmicle v. Weddle*, C.A.6th (1977), 555 F.2d 554, 555[1], quoting from *Mason v. Owens-Illinois, Inc.*, C.A.6th (1975), 517 F.2d 520, 521. The most closely analogous Tennessee action to this federal action brought under the federal civil rights statutes is a suit in the Tennessee courts brought under the federal civil rights statutes. Such state actions must be commenced within one year after the cause of action accrues. T.C.A. § 28–304; *Brown v. Hipshire* (Tenn.1977), 553 S.W.2d 570, 571.

█ Since this action was commenced by the filing of the complaint herein on May 28, 1975, Rule 3, Federal Rules of Civil Procedure, the plaintiffs' claims must have accrued on or after May 28, 1974 to fall within the applicable one-year period of limitation. In an effort to show that such claims are untimely, the defendants refer to the deposition of the plaintiff Mr. Schofield taken on November 2, 1977. Therein, he testified, *inter alia*, that the alleged discriminations which he is claiming herein " * * * took place in 1973. * * * " However, from the present state of the record the Court cannot say as a matter of law that all, or any readily identifiable, claims of the plaintiffs accrued without the statute of limitations. It may well be that some, or even all, of the defendants' conduct complained of herein occurred prior to May 28, 1974, but such determination can only be made after a more complete development of the pertinent facts.

It thus not appearing that the defendants are entitled to a judgment as a matter of law, their motion for a summary judgment hereby is

OVERRULED. Rule 56(c), Federal Rules of Civil Procedure; *Board of Ed., Cincinnati v. Department of H. E. W.,* C.A.6th (1976), 532 F.2d 1070, 1071[1, 2].