**Donald Eugene ELMORE, Plaintiff,**

v.

**Dr. Ralph E. EVANS et al., Defendants.**

**No. CIV-2-76-80.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Nov. 3, 1976.

Motion to Reconsider Denied Dec. 7, 1976.

Carleton W. Smith, Burkhard & Smith, Greeneville, for plaintiff.

Frank B. Dodson, William T. Wray, Jr., M. Lacy West and Wendy S. Hildreth, Kingsport, for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

■ This is an action for injunctive relief and money damages in redress of the plaintiff's federally-protected civil rights. 28 U.S.C. § 1343(3); 42 U.S.C. §§ 1983, 1985(3). The defendants moved for a judgment on the pleadings. Rule 12(c), Federal Rules of Civil Procedure. The plaintiff failed to make a timely response thereto, local Rule 12(b), and thus is deemed to have waived opposition to such motion. Local Rule 11(f). The defendants' motion is meritorious.

The thrust of the plaintiff's claim is that on April 3, 1974 the Kingsport (Tennessee) city school board " * * * without probable cause * * * voted not to renew his [employment] contract [as a mathematics teacher], * * * " a position which he had held for the prior two school years. It is alleged that such decision was based on falsehoods concerning the plaintiff stated by the defendant Mr. Ward and purportedly originating with the principal of the school where the plaintiff had previously been employed. Further, it is charged by the plaintiff that the respective defendants " * * * have continued until [the] present time [while] acting under color of [s]tate [l]aw * * * to conspire against the plaintiff, by denying him due process in the form of a fair hearing within which to present his evidence and have conspired against [him] to deny him employment in other jobs by maligning his moral character and abilities as a teacher. * * * "

As to the plaintiff's claim under 42 U.S.C. § 1983, that he was denied due process of law, Constitution, Fourteenth Amendment, by not being allowed a hearing, the parties have filed a stipulation herein that such claim is barred by the one-year period of limitation of T.C.A. § 28–304. The complaint having been filed on June 9, 1976, and such deprivation having occurred in 1974, that claim obviously is thus barred.

■ Although the plaintiff apparently contends otherwise, T.C.A. § 28–304 is also applicable to actions brought under 42 U.S.C. § 1985(3). *Gentry v. Evans*, D.C. Tenn. (1969), 310 F.Supp. 840, 840–841[1, 2];

**4**

see also: *Mulligan v. Schlachter,* C.A. 6th (1968), 389 F.2d 231, 233[3–5]; *Krum v. Sheppard,* C.A. 6th (1967), 407 F.2d 490, 491; *Polite v. Diehl,* C.A. 3d (1974), 507 F.2d 119; *Ripp v. Dobbs Houses, Inc.,* D.C.Ala. (1973), 366 F.Supp. 205, 213–214[14]. Since the only overt act alleged herein in furtherance of any conspiracy against the plaintiff occurred on April 3, 1974, any claim of the plaintiff under 42 U.S.C. § 1985(3) is likewise barred.

█ It results that the motion of the defendants for a judgment on the pleadings hereby is GRANTED.* Judgment will enter that the plaintiff take nothing from the defendants. Rule 58(1), Federal Rules of Civil Procedure.

---

* Although unnecessary to such disposition, it is obvious to the Court that under recent pronouncements of the Supreme Court and the Sixth Circuit, the complaint herein fails to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. See: *Bishop v. Wood* (1976), 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684; *Sullivan v. Brown,* C.A. 6th (1976), 544 F.2d 279; *Ryan v. Aurora City Board of Education,* C.A. 6th (1976), 540 F.2d 222.

" * * * The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error. In the absence of any claim that the public employer was motivated by the desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions. * * * " *Bishop v. Wood, supra,* 426 U.S. at 349, 96 S.Ct. at 2080, 48 L.Ed.2d at 693[7, 8].