**William A. McKAY, Plaintiff,**

v.

**Richard A. HEADLEY, Defendant.**

**No. CIV–2–76–111.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Aug. 8, 1977.

---

M. Lacy West, Kingsport, Tenn., for plaintiff.

Edwin L. Treadway, and William T. Wray, Jr., Hunter, Smith, Davis, Norris, Treadway & Hadden, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This action was removed to this Court on August 11, 1976 by petition of the defendant Mr. Richard A. Headley. Edwin L. Treadway, Esq. signed such pleading, Rule 11, Federal Rules of Civil Procedure. On the same date, such counsel's law firm became surety for the defendant on the removal bond. Eight days afterward, such counsel signed the answer of the defendant herein as counsel of record. *Supra.* Such counsel and an associate " * * * appeared as counsel for the defendant * * " at a pretrial conference conducted herein on April 25, 1977. At that conference, Wednesday, August 10, 1977 was agreed upon by Court and counsel as the time acceptable to all parties for commencement of trial herein.

■ The defendant was sued initially by the plaintiff for damages in excess of the contractual limit of a policy of insurance indemnifying the defendant against the same and providing for his defense hereof. On August 2, 1977, the Court granted the plaintiff's motion to amend his complaint herein so as to claim $250,000 rather than $125,000 in damages. The defendant moved on August 5, 1977 for a continuance of the trial assigned to commence 5 days afterward, ostensibly so that the defendant could engage private counsel to represent him herein, and so that such counsel could " * * * familiarize himself with the facts and issues. * * * " The plaintiff opposed that delay.

The defendant has been on notice since July 12, 1976 that the plaintiff was claiming damages of him in excess of the amount of insurance he carries. There has been no change in the plaintiff's theory of recovery in this lawsuit since that time, and no change in the defense. The defendant, as well as the plaintiff, had until midnight, June 18, 1977 to discover the details of the claims and contentions of his adversary. On June 13, 1977 the defendant became apprised by the plaintiff's employer of the damage from loss of earnings Mr. McKay claims to have suffered because of his injuries. (Apparently by agreement of the parties), information was discovered through testimony of a witness for the defendant on July 29, 1977 that the plaintiff has sus-

tained a rather serious diminution in his earning capacity.

 This Court instructs juries in civil actions, such as this, that damages may not be awarded in an amount greater than that claimed by the plaintiff. Where discovery has produced evidence of greater damages than a plaintiff initially demanded, the Court allows an increase by amendment in the ad damnum claim " * * * freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the [C]ourt, * * * " Rule 15(b), Federal Rules of Civil Procedure, that such an increase would prejudice him seriously in maintaining his defense on the merits.

The defendant failed to satisfy this Court that he will be prejudiced seriously in the trial of this lawsuit by virtue of the Court's allowance on the eve of the trial of an amendment increasing the plaintiff's claim of damages. He will not be permitted to sit idly by and fail to familiarize himself with the facts and issues of the lawsuit and then, after the ad damnum is increased to conform to those facts, be permitted to force a postponement of trial, long assigned, to allow him to so familiarize himself. This is true especially when the defendant was aware from the outset of his exposure to judgment beyond that amount against which he had protected himself.

The motion of the defendant for a postponement of the assigned trial herein hereby is

OVERRULED.