Carolyn E. BRADY et al., Plaintiffs,

v.

WASHINGTON COUNTY, TENNESSEE, et al., Defendants.

No. CIV-2-79-33.

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 12, 1979.

On Motion for Attorney Fees July 23, 1980.

Jerry W. Laughlin, Silvers, Randall & Laughlin, Greeneville, Tenn., and Curtis B. Stuckey, Dallas, Tex., for plaintiffs.

N. R. Coleman, Jr., Milligan, Coleman, Fletcher, Gaby & Kilday, Greeneville, Tenn., for defendants.

## MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

A magistrate of this district recommended that a judge of this Court treat the motion of the defendants to dismiss this action for the failure of the plaintiffs to state a claim on which relief can be granted, Rule 12(b)(6), Federal Rules of Civil

Procedure, as a motion for a summary judgment, Rules 12(b), 56(b), Federal Rules of Civil Procedure, and deny the same, except as to the plaintiffs' pendent state claim for the tort of outrageous conduct. 28 U.S.C. § 636(b)(1)(B). Those portions of such recommendation to which timely written objection was served and filed [1] are considered *de novo.* 28 U.S.C. § 636(b)(1).

■ As to the claims of the plaintiffs against the individual defendants, the Court is not persuaded that there are no genuine issues of material fact between those parties herein. Accordingly, summary judgment as a matter of law as to those claims of the plaintiffs would be inappropriate. *Lashlee v. Sumner,* C.A. 6th (1978), 570 F.2d 107, 111.

■ The recommending magistrate appeared to have concluded that the facts alleged in the complaint herein might amount to a governmental custom so as to create an issue under the rationale of *Monell v. New York City Dept. of Soc. Serv.* (1978), 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611.[2] However, *Monell, supra,* was a limited holding which overruled *Monroe v. Pape* (1961), 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, only " * * * insofar 'as it holds that local governments are wholly immune from suit under [42 U.S.C.] § 1983.' * * * "[3] *Jones v. City of Memphis, Tenn.,* C.A. 6th (1978), 586 F.2d 622, 623, n. 1. The holding in *Monell* does not open the doors of the federal courts to a flood of civil rights actions against municipalities; for the " * * * Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. * * * " *Monell v. New York City Dept. of Soc. Serv.,*

*supra,* 436 U.S. at 691, 98 S.Ct. at 2036, 56 L.Ed.2d at 636[7].

It is elementary that proper pleading is a prerequisite to any recovery. *Atlas Chemical Industries, Inc. v. Moraine Products,* C.A. 6th (1974), 509 F.2d 1, 7[8]. The plaintiffs were required to have included in their complaint a short and plain statement of their claim against the defendant-county showing that they are entitled to relief from it. Rule 8(a)(2), Federal Rules of Civil Procedure. In considering that defendant's motion for a dismissal of the claim against it herein, this Court is required to " * * * treat all of the *well-pleaded* allegations of the complaint as true. * * * " *Miree v. DeKalb County* (1977), 433 U.S. 25, 27, 97 S.Ct. 2490, 2492, 53 L.Ed.2d 557, 561, n. 2[2b] (emphasis provided). However, mere conclusory allegations, with no facts alleged in support thereof, are not to be so accepted. *Blackburn v. Fisk University,* C.A. 6th (1971), 443 F.2d 121, 124[4, 5].

■ A civil rights complaint must " * * * set forth facts giving rise to the cause of action. * * * " *Bounds v. Smith* (1977), 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72, 81[9]. Broad and conclusory statements in such a complaint must be " * * * supported by specific factual allegations. * * * " *Esser v. Weller,* C.A. 3d (1972), 467 F.2d 949, 950; *accord: Koch v. Yunich,* C.A. 2d (1976), 533 F.2d 80, 85[8] and *Anderson v. Sixth Judicial District Court,* C.A. 8th (1975), 521 F.2d 420, 420–421. Vague and mere conclusory allegations are not sufficient to withstand a defendant's motion for a dismissal, *United Housing Foundation, Inc. v. Forman* (1975), 421 U.S. 837, 860, 95 S.Ct. 2051, 2064, 44

---

i. The plaintiffs moved the Court to consider an affidavit which was not presented to the recommending magistrate. That motion hereby is DENIED as untimely and moot and as presenting irrelevant matter.

2. The recommending magistrate evidently based some part of his conclusion on the affidavit of Mr. Denton. The Court does not so read the statements of that affiant, finds nothing therein pertinent to this aspect of the defendants' motion, and hereby EXCLUDES any con-

sideration of such affidavit in the determination of this portion of the motion.

3. " * * * *Monell* holds that a city may be held liable in damages under § 1983 for constitutional deprivations that result from 'a policy or custom' followed by a city. * * * " *Garner v. Memphis Police Department,* C.A. 6th (1979), 600 F.2d 52, 54. For present purposes, this Court will assume, without deciding, that a county may be deemed a municipality within the purview of *Monell, supra.*

L.Ed.2d 621, 636, n. 27, because they do not state a viable claim in a civil rights action. *Place v. Shepard*, C.A. 6th (1971), 446 F.2d 1239, 1244[1]; *Phipps v. Armour*, D.C.Tenn. (1971), 335 F.Supp. 768, 770[5]. Discriminatory purpose is never presumed from the action of police officers; rather, there must be a showing of clear and intentional discrimination. *Ellenburg v. Shepherd*, D.C. Tenn. (1966), 304 F.Supp. 1059, 1062[10], affirmed C.A. 6th (1968), 406 F.2d 1331, certiorari denied (1969), 393 U.S. 1087, 89 S.Ct. 878, 21 L.Ed.2d 781.

■ The plaintiffs make no allegation that the defendant Washington County, Tennessee had any official policy or custom whereunder its law enforcement officials conducted unlawful searches of residences in that county. Although alleging that the individual defendants herein acted under color of " * * * county statutes, customs, ordinances, regulations, and laws * * * ", the plaintiffs allege no facts relating to the existence of any improper county policy or custom. Under such circumstances, this Court can conclude only that the plaintiffs are attempting to recover from the defendant-county solely under the doctrine of *respondeat superior*, on the theory that the individual defendants were acting at the pertinent times as its " * * * duly authorized agent[s] * * * ". That theory of recovery is forbidden strictly by *Monell, supra*.

■ The plaintiffs seek also to invoke this Court's pendent jurisdiction over a state claim of outrageous conduct. *See United Mine Workers of America v. Gibbs* (1966), 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218. " * * * [T]he adjudication of a pendent claim is committed to the district court's discretion and is not mandatory. * * * " *Cemer v. Marathon Oil Company*, C.A. 6th (1978), 583 F.2d 830, 832[8], n. 2. Pretermitting any consideration of the recommendation of the magistrate as it relates to the plaintiffs' purported pendent claim, the Court considers whether it should accept such jurisdiction.

Having considered the traditional notions of judicial economy, convenience and fairness to litigants, *Gibbs, supra*, 383 U.S. at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228[4–7]; having considered further the difficulty of the questions posed by such state law claim and the possibility of jury confusion with respect to separating the state from the federal claim, *Moor v. County of Alameda* (1973), 411 U.S. 693, 715–717, 93 S.Ct. 1785, 1798–1799, 36 L.Ed.2d 596, 613–614[16–18]; and having considered that the plaintiffs appear to have an appropriate remedy for any and all wrongs arising out of the conduct complained of in any viable federal claim herein, *cf. Garrett v. City of Hamtramck*, C.A. 6th (1974), 503 F.2d 1236, 1247[9], the Court, in its discretion hereby DECLINES to exercise its jurisdiction, if any exists, over such purported pendent claim of the plaintiffs. *Campbell v. Buckles*, D.C.Tenn. (1977), 448 F.Supp. 288, 292–293[9]. That claim is more properly litigable in the courts of Tennessee.

In the light of the foregoing, the recommendation of the magistrate hereby is MODIFIED, 28 U.S.C. § 636(b)(1). The motion of the defendant Washington County, Tennessee for a dismissal of this action as to it for the failure of the plaintiffs to state a claim on which relief can be granted herein hereby is GRANTED; and, for such failure, this action hereby is DISMISSED as to the defendant Washington County, Tennessee. The aforementioned motion of the individual defendants, treated as a motion for a summary judgment, hereby is DENIED. The recommendation of the magistrate as to the purported pendent state claim of the plaintiffs has been rendered MOOT by the aforementioned exercise of the Court's discretion.

### On Motion For Attorney Fees

■ The defendants contend that special circumstances exist herein which would justify a denial of the award of an attorneys' fee for the plaintiffs as a part of the costs herein. They cite *Huntley v. Community Sch. Bd. of Brooklyn*, C.A. 2 Cir. (1978), 579 F.2d 738, 742[6], as authority for their claim that the award of minimal or nominal compensatory damages to the respective plaintiffs was at most only a "moral victory" of insufficient magnitude to warrant an

award under 42 U.S.C. § 1988. The "moral victory" of Huntley related to undamaging procedural due process rather than to the unlawful intrusion into a dwelling in the nighttime; Huntley proved no actual damage by the deprivation of his constitutional right, *ibid.*, 579 F.2d at 740, whereas one of the plaintiffs herein did prove actual damages and was awarded $51 therefor by the jury. Furthermore, it is now clear that law-enforcement authorities against whom judgments under 42 U.S.C. § 1983 have been entered will " * * * ordinarily be charged with attorney's fees. * * * " *Supreme Court of Va. v. Consumers Union* (1980), 446 U.S. 719, 738, 100 S.Ct. 1967, 1977, 64 L.Ed.2d 641, 657 (decided June 2, 1980).

It is contended further by the defendants that this was a garden-variety civil-rights action in which minimal and nominal damages were awarded, so that any award of attorneys' fees should also be minimal. This argument overlooks the confusing fact that the Court of Appeals of the Sixth Circuit has described *United States v. Shye*, C.A. 6th (1974), 492 F.2d 886, as " * * * one of a growing number of cases holding that a 'warrant' is required for an arrest in the home or other protected dwelling absent an established exception to the [F]ourth [A]mendment warrant requirement. These cases imply," Judge Celebrezze wrote for the Court of our Circuit, "that a search warrant and not just an arrest warrant is necessary * * *." *United States v. Sumlin*, C.A. 6th (1977), 567 F.2d 684, 686, n. 1.

That commentary seemed to fly in the teeth of *United States v. McKinney*, C.A. 6th (per curiam, 1967), 379 F.2d 259, that " * * * on the premises of a third party * * a search warrant is not necessary to execute an arrest warrant * * * [and] * * * that the issuance of an arrest warrant [by a magistrate on probable cause to believe that the party named therein had committed an offense] * * * would justify a search [of the premises of a third party] for the suspect provided the authorities reasonably believed he could be found on the premises searched. * * * " at 263[3], [4]. Only the fact that Mr. Justice White and Mr. Chief

Justice Burger read a subsequent majority opinion of the Supreme Court as holding that only an arrest warrant, and not also a search warrant, is required before law-enforcement officers may enter a dwelling to effectuate an arrest under a warrant when there is cause to believe that a suspect is within, *Payton v. New York* (1980), 445 U.S. 573, 616, n. 13, 100 S.Ct. 1371, at 1395, n. 13, 63 L.Ed.2d 639, (dissenting opinion) at 669, n. 13, satisfied this Court on that issue, despite the fact that the opinion of this Court in *McCloud v. Tester*, D.C.Tenn. (1975), 391 F.Supp. 1271, 1272[2], had been in *accord* with *McKinney*.

■ Finally, the defendants' arguments, that the plaintiffs should not be compensated for the time and effort they expended on claims as to which they were unsuccessful, must fall in the light of the language employed by Senior Circuit Judge Peck in *Northcross v. Board of Ed. of Memphis City Schools*, C.A. 6th (1979), 611 F.2d 624, because none of the unproductive efforts were frivolous or advanced in bad faith. Judge Peck said, *inter alia*:

\*    \*    \*    \*    \*    \*

* * * [T]he prevailing party should "ordinarily recover attorney's fees unless special circumstances would render such an award unjust." In accordance with the broad remedial purpose of the statute, parties may be considered to have prevailed when they have vindicated important rights through a consent judgment or without formally obtaining relief. * * * [C]ounsel for the prevailing party should be paid, "as is traditional with attorneys compensated by a fee-paying client, for all time reasonably expended on a matter."

\*    \*    \*    \*    \*    \*

* * * The fact that some of that time [reasonably spent on a matter] was spent in pursuing issues on research which was ultimately unproductive, rejected by the Court, or mooted by intervening events is wholly irrelevant. So long as the party has prevailed on the case as a whole the district courts are to allow compensation

for hours expended on unsuccessful research or litigation, unless the positions asserted are frivolous or in bad faith. * *

*Ibid.*, at 633[3], at 636[14], [16]. " * * * [S]eldom can a prospective plaintiff be sure of ultimate success. * * * " *Christiansburg Garment Co. v. EEOC* (1978), 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648, 657. In its discretion, the Court will allow the plaintiffs a reasonable attorneys' fee herein to be taxed as part of the costs.

The Court conducted an evidentiary hearing on July 11, 1980 on the amount of a reasonable attorneys' fee for the plaintiffs herein. Those attorneys offered only one witness, except one of themselves. This disinterested witness, also an attorney, testified merely that the customary charge for legal services in civil matters in the area of Greeneville, Tennessee is $50-an-hour. He stated that he knew absolutely nothing about this litigation, other than it is a civil-rights case and, therefore, civil in nature.

▄▄▄ The Court was not sufficiently enlightened by this evidence to establish the amount of a reasonable attorneys' fee for the plaintiffs. The burden of proving that amount under the circumstances rested upon the plaintiffs' attorneys who claim it. *Johnson v. Georgia Highway Express, Inc.,* C.A. 5th (1974), 488 F.2d 714, 720[7]. Evidently misled by some of the language in *Northcross v. Board of Ed. of Memphis City Schools, supra,* the claimants seem to think they discharged their burden when they proved the number of hours of service they provided the plaintiffs as well as the customary hourly rate in the community.

▄▄▄ It is true that Judge Peck declared that " * * * a fee calculated in terms of hours of service provided is the fairest and most manageable approach * * * " in calculating a reasonable fee, *ibid.*, 611 F.2d at 636[9], and the multiplying of the hours of service by an "hourly rate" claimed by the attorneys in *Northcross,* at 630, was not disapproved. There is more to the proper carrying of this evidentiary burden involved, however. As Judge Peck made clear:

In determining what the level of compensation for each category of service [*viz.,* paralegal services, in-office services by experienced attorneys, and trial service] should be, the court should *look to the fair market value of services provided* [emphasis added]. In most communities, the marketplace has set a value for the services of attorneys, and the hourly rate charged by an attorney for his or her services will normally reflect the training, background, experience and skill of the individual attorney. * * *

*Focussing on the fair market value of the attorney's services* [emphasis supplied] will best fulfill the purpose of the Fee Award Act, by providing adequate compensation to attract qualified and competent attorneys without affording any windfall to those who undertake such representation. The entire purpose of the statutes [the Civil Rights Attorney's Fees Award Act of 1960, 42 U.S.C. § 1988, and the Emergency School Aid Act, 20 U.S.C. § 1617] was to ensure that the representation of important national concerns would not depend upon the charitable instincts of a few generous attorneys. * * *

*Ibid.*, at 638[29], [30, 31]. Accordingly, before an attorney who testifies can offer a credible expert opinion as to the fair market value of the services provided the plaintiffs herein, he or she must become advised of the character, nature and extent of those services. This knowledge can be acquired *inter alia* from a study of the records pertaining to the case. *Burnett v. Graves,* C.A. 5th (1956), 230 F.2d 49, 53–54, certiorari denied (1956), 351 U.S. 984, 76 S.Ct. 1051, 100 L.Ed. 1498.

▄▄▄ The value of the services of an attorney will vary from one case to another, and the reasonableness of a particular attorneys' fee can only be determined by reference to all the circumstances surrounding the case in which those services were rendered. *Steele v. Title Realty Company,* C.A. 10th (1973), 478 F.2d 380, 385[14]. " * * * What is reasonable under one set of circumstances may be entirely unreasonable

under another. \* \* \* " *Noerr Motor Freight v. Eastern Railroad Pres. Conf.*, D.C.Pa. (1958), 166 F.Supp. 163, 168[12], affirmed C.A. 3 Cir. (1959), 273 F.2d 218, reversed on other grounds *sub nom. Eastern R.R. Conference v. Noerr Motor Freight* (1961), 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464, rehearing denied (1961), 365 U.S. 875, 81 S.Ct. 899, 5 L.Ed.2d 864.

■ There are many useful guidelines available to assist in arriving at the amount of a reasonable fee, *ergo.*, Code of Professional Responsibility of the American Bar Association; *Johnson v. Georgia Highway Express, Inc., supra*, 488 F.2d at 717–719. Indeed, the Court of Appeals for the Eighth Circuit noted *per curiam* the application of the guidelines of *Johnson* in the computation of an attorneys' fee in *Cleverly v. Western Elec. Co., Inc.*, D.C.Mo. (1978), 450 F.Supp. 507, 511–512, to be " \* \* \* a model of clarity, which should serve as an example for the proper computation of attorney's fee awards \* \* \* " in all civil-rights cases. *Cleverly v. Western Elec. Co.*, C.A. 8th (1979), 594 F.2d 638, 642. Notwithstanding, this Court is impressed with the terse observation of (now Senior) District Judge Wyzanski that " \* \* \* a losing defendant must pay what it would be reasonable for counsel to charge a victorious plaintiff. The rate is the free market price, the figure which a willing, successful client would pay a willing, successful lawyer. \* \* \* " *Cape Cod Food Products v. National Cranberry Ass'n*, D.C.Mass. (1954), 119 F.Supp. 242, 244[1].

When the claimants are prepared properly to make a showing of that amount, they will notify the clerk and a supplemental hearing will be arranged.