**12**

**James MULLINS, Jr., Plaintiff,**

v.

**Bob MACMAHAN, etc., et al.,
Defendants.**

No. Civ–2–80–225.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Feb. 13, 1981.

Certificate Feb. 24, 1981.

James Mullins, Jr., pro se.

Darryl G. Lowe, Knoxville, Tenn., and John F. Dugger, Morristown, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff seeks herein to recover compensatory and punitive damages for the

alleged deprivation by the defendants of his federally-protected civil rights. He attempts to assert claims arising under the federal civil rights statutes, 42 U.S.C. §§ 1981, 1982, 1985 and, in all probability, 1983.

The complaint on its face, shows that the claims herein of the plaintiff are barred by the one-year period of limitation of T.C.A. § 28–3–104(a),* formerly T.C.A. § 28–304. *Schofield v. Gilland,* D.C.Tenn. (1977), 78 F.R.D. 279, 280[3, 4]; *Elmore v. Evans,* D.C. Tenn. (1976), 449 F.Supp. 2, 3–4[2, 3], affirmed C.A. 6th (1978), 577 F.2d 740 (table); *Brown v. Hipshire* (Tenn., 1977), 553 S.W.2d 570, 571. Accordingly, upon motion of the defendants, this action hereby is DISMISSED for the failure of the plaintiff to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.

### CERTIFICATE

The plaintiff Mr. James Mullins, Jr. was permitted to proceed herein *in forma pauperis.* Order of December 30, 1980 herein. This action was dismissed for his failure to state a claim on which relief can be granted. Judgment of February 13, 1981 herein.

Before the filing of any notice of appeal therefrom, the plaintiff filed a motion in this Court to be allowed to proceed on appeal *in forma pauperis,* together with an affidavit showing in the detail prescribed by form 4 of the appendix of forms of the Rules of Appellate Procedure his inability to pay fees and costs or to give security therefor and his belief that he is entitled to redress. Rule 24(a), Federal Rules of Appellate Procedure.

It hereby is CERTIFIED by this Court that any such appeal would not be taken in good faith, for the reason that the complaint herein shows on its face that this civil action for compensatory and punitive damages, brought under the federal civil rights statutes, accrued in February, 1977 and was

---

* " * * * [C]ivil actions for compensatory or punitive damages or both, brought under the federal civil rights statutes * * * shall be com-

menced within one (1) year after [the] cause of action accrued. * * * " T.C.A. § 28–3–104(a).

not commenced until December 30, 1980, and is barred under the applicable statute of limitation, *i.e.*, T.C.A. § 28–3–104(a), because not commenced within 1 year after the cause of action accrued. *Idem.* Thus, the plaintiff failed to state a claim on which relief could be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.

The clerk of this Court shall serve forthwith notice of this action by this Court, *idem.*, which does not preclude the plaintiff's filing a motion in the United States Court of Appeals for the Sixth Circuit for leave so to proceed within 30 days after service of notice of such action of this Court, accompanied by a copy of this statement of the reasons given by this Court for its instant action. *Idem.*