Nancy JENKINS, et vir., Plaintiffs,

v.

Voyd CARRUTH, et al., Defendants.

No. CIV–3–82–79.

United States District Court,
E.D. Tennessee, N.D.

Sept. 16, 1982.

**614**

Peter Alliman, Knoxville, Tenn., for plaintiffs.

Norman B. Jackson and Sam Rutherford, Knoxville, Tenn., for defendants.

## MEMORANDA OPINION AND ORDERS

NEESE, Senior District Judge, sitting by designation.

### I

A contested issue of law in this civil rights action, *see* 42 U.S.C. § 1983, is whether the Court should exercise pendent jurisdiction over the claims of the plaintiffs which arise under state law. Pretrial order herein of September 1, 1982, § V(a). Ordinarily, remedy for these types of injuries " * * * must be sought in state court under tranditional tort-law principles. * * *" *Baker v. McCollan* (1979), 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433, 443[11, 12].

" * * * [U]nlike a claim within the court's original jurisdiction, the adjudication of a pendent claim is committed to the district court's discretion and is not mandatory. * * * " *Cemer v. Marathon Oil Co.*, C.A. 6th (1978), 583 F.2d 830, 832[8], n. 2. For the reasons it has articulated previously, *see Brady v. Washington County, Tenn.*, D.C.Tenn. (1979), 509 F.Supp. 538, 541[8]; *Campbell v. Buckles*, D.C.Tenn. (1977), 448 F.Supp. 288, 292–293[9], the Court is of the opinion that the exercise of pendent jurisdiction herein would not be appropriate.

■ Of particular significance herein is that the plaintiff Mrs. Jenkins has alleged

a substantial federal claim,[1] and, if she is able to establish such claim at trial, she will have available appropriate remedies for any and all wrongs arising out of the conduct complained of herein and will be entitled to adequate compensation under that federal claim. *See Garrett v. City of Hamtramck*, C.A. 6th (1974), 503 F.2d 1236, 1247[9]. That being so, the exercise of pendent jurisdiction over her assault and battery claim would serve no useful purpose, but would be duplicative of her federal claim.

The Court hereby DECLINES to exercise pendent jurisdiction over the state claims of the plaintiffs herein.

### II

Additional contested issues of law herein are whether the defendant county and the defendant sheriff have waived their right to rely on the statute of limitations defense and, if not, whether the plaintiffs' claims against these defendants are barred by the applicable statute of limitations, T.C.A. § 28–3–104(a).[2] The answer to the first such issue is "no", and the answer to the second is "yes".

This action was commenced on February 9, 1982 with the filing of the complaint. Rule 3, Federal Rules of Civil Procedure. Such complaint named a sole defendant, Mr. Voyd Carruth, but was amended on May 28, 1982 so as to add two new parties defendant, the county and its sheriff. The amended complaint was obviously filed outside the one-year period of limitation,[3] and

---

**1.** As noted *infra*, the plaintiff Mr. Jenkins has not stated a cognizable federal claim. Therefore, pendent jurisdiction is not available as to any state claim which he may be attempting to assert herein. *See Burnett v. McNabb*, C.A.6th (1977), 565 F.2d 398, 400[2] (federal jurisdiction cannot be created by filing an unsubstantial action under 42 U.S.C. § 1983, coupled with a prayer for the exercise of pendent jurisdiction); *Kurz v. State of Michigan*, C.A.6th (1977), 548 F.2d 172, 175[9] (where the federal claims are dismissed, "the state claims are no longer pendent and must be dismissed likewise.")

**2.** The parties appear to agree that this one-year period of limitations is controlling. They are correct. *Harrison v. Wright*, C.A.6th (1972), 457 F.2d 793; *Mullins v. MacMahan*, D.C.Tenn. (1981), 536 F.Supp. 12; *Elmore v. Evans*, D.C. Tenn. (1976), 449 F.Supp. 2, 3–4[2, 3], affirmed C.A.6th (1978), 577 F.2d 740 (table); *see Johnson v. Railway Express Agency* (1975), 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (applying this statute of limitation to a civil rights claim arising under 42 U.S.C. § 1981).

**3.** The incident out of which this action arises took place on February 10, 1981. Pretrial order, *supra*, § III(c).

the added defendants maintain that the claims of the plaintiffs against them are time-barred.

■ The plaintiffs argue that the county and its sheriff waived their right to rely on the statute of limitations as a defense by failing to assert it properly. Undoubtedly, " * * * [t]he statute of limitations is an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure and must be expressly raised or else it is waived. * * * " *Senter v. General Motors Corp.*, C.A.6th (1976), 532 F.2d 511, 530[43], certiorari denied (1976), 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150. Here, however, this defense has been expressly raised more than once: in the statement of the defensive claims of each of these parties set forth in the pretrial order[4] and now by their respective motions to dismiss.

It is true that neither the sheriff nor the county asserted this defense prior to the pretrial conference; but, the waiver rule is not applied automatically and there are numerous exceptions to it. *Heller v. Smither*, D.C.Tenn. (1977), 437 F.Supp. 1, 2, n. 3, affirmed C.A.6th (1978), 578 F.2d 1380 (table). According to one such exception: " * * * When the running of the statute is apparent from the face of the complaint, as it is in the present case, then the defense may be raised by a motion to dismiss. * * " *Conerly v. Westinghouse Elec. Corp.*, C.A.9th (1980), 623 F.2d 117, 119[2]; *accord Berry v. Chrysler Corporation*, C.C. A.6th (1945), 150 F.2d 1002, 1003[1] and *Chambliss v. Coca-Cola Bottling Corporation*, D.C.Tenn. (1967), 274 F.Supp. 401, 408, n. 14[4] ("It now seems to be well-set-

tled that, if the failure to comply with a limitations period appears on the face of the complaint, that defect may be raised by a motion to dismiss.") The Court is of the opinion that the moving defendants have raised this defense sufficiently and have not waived it.[5]

The plaintiffs contend also that their claims against the county and sheriff are not untimely because under the provisions of Rule 15(c), Federal Rules of Civil Procedure,[6] their amended complaint "relates back" to the date of the filing of their original complaint. The purpose of this rule " * * * is to ameliorate the effect of a statute of limitations where the plaintiff has sued the wrong party but where the right party has had adequate notice of the action. * * * " *Bloomfield M. Cont., Inc. v. Occupational S. & H.R. Com'n*, C.A.3d (1975), 519 F.2d 1257, 1262[5]. That simply is not the situation here.

■ Under the law of this Circuit, an amendment to a complaint which adds a new party creates a new cause of action and there is no relation back to the date of the filing of the original complaint for statute of limitation purposes. *Smart v. Ellis Trucking Co., Inc.*, C.A.6th (1978), 580 F.2d 215, 218[5], certiorari denied (1979), 440 U.S. 958, 99 S.Ct. 1497, 59 L.Ed.2d 770; *Marlowe v. Fisher Body*, C.A.6th (1973), 489 F.2d 1057, 1064[9]; *Hageman v. Signal L.P. Gas, Inc.*, C.A.6th (1973), 486 F.2d 479, 484[9]. An amendment " * * * relates back only to matters relating to the original parties of the complaint, or to correct a misnomer or a misdescription of [a] defend-

---

**4.** By its terms, § IX(b), the pretrial order provides that it supplants the pleadings. *See* Rule 16, Federal Rules of Civil Procedure and *United States v. Hougham* (1960), 364 U.S. 310, 315, 81 S.Ct. 13, 17, 5 L.Ed.2d 8, 14 (headnote 4), rehearing denied (1961), 364 U.S. 938, 81 S.Ct. 376, 5 L.Ed.2d 372.

**5.** *See American Air Filter v. Industrial Decking, Etc.*, D.C.Tenn. (1979), 82 F.R.D. 681.

**6.** " * * * Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of

the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. * * * " Rule 15(c), Federal Rules of Civil Procedure.

ant, and not to add or substitute a new party defendant. * * * " *United States v. Western Casualty & Surety Company,* C.A.6th (1966), 359 F.2d 521, 523[3].

The second sentence of Rule 15(c), *supra,* is of no assistance to the plaintiffs. In the first place, nothing in the record suggests that either of the added defendants received notice of the institution of this action " * * * within the period provided by law for commencing the action against him [or it] * * *." That they may have had notice of the incident out of which this action arose is not sufficient. *Stephens v. Balkamp, Inc.,* D.C.Tenn. (1975), 70 F.R.D. 49, 51[2, 3].

■ Secondly, it has not been shown that the failure of the plaintiffs to have named these two defendants in their original complaint was the result of some " * * * mistake concerning the identity of the proper party * * * " as is required by Rule 15(c)(2), *supra.* There is no suggestion that the plaintiffs were ever mistaken as to the identity of Mr. Carruth or as to the identity of the county or its sheriff. A "mistake", within the meaning of Rule 15(c)(2), *supra,* does not exist merely because a party who may be liable for conduct alleged in the original complaint was omitted as a party defendant. *Francis v. Pan American Trinidad Oil Company,* D.C.Del. (1975), 392 F.Supp. 1252, 1259[12], n. 13.

■ It results, that the respective motions of the defendants Loudon County, Tennessee and Sheriff Joe Sims for a dismissal of this action as to them, each, hereby is GRANTED and, as to such defendants, this action hereby is DISMISSED as barred by the statute of limitations.

### III

Yet another contested issue of law herein is under what circumstances likely· to be present here would the plaintiff Mr. Jenkins be entitled to any recovery. Pretrial order, *supra,* § V(c). Mr. Jenkins does not claim that anyone deprived him of any right secured him by the Constitution or laws of the United States. Instead, his claim is to recover for the medical expenses he incurred for his wife and for the loss of her consortium and services.

■ The plaintiffs have not cited, nor has the Court found, any authority permitting a husband to recover damages under 42 U.S.C. § 1983 for the deprivation by a third party of the civil rights of his wife. The law seems clear that one person may not sue, nor recover damages, for the deprivation of another person's civil rights. ·*Hall v. Wooten,* C.A.6th (1974), 506 F.2d 564, 566[1]; *Pierce v. Stinson,* D.C.Tenn. (1979), 493 F.Supp. 609, 611[5]; *Tyree v. Smith,* D.C.Tenn. (1968), 289 F.Supp. 174, 175[1]. This is not a survivorship situation where the action is brought by the personal representative of the decedent whose civil rights were allegedly violated. *Cf. Hall v. Wooten, supra; Troutman v. Johnson City, Tennessee,* D.C.Tenn. (1974), 392 F.Supp. 556, 558[2]; *see Robertson v. Wegmann* (1978), 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554.

■ In order to state a claim cognizable under 42 U.S.C. § 1983, a plaintiff must allege initially " * * * that some person has deprived *him* [emphasis provided] of a federal right. * * * " *Gomez v. Toledo* (1980), 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572, 577[4]. The plain words of the statute impose liability only for conduct which subjects, or causes to be subjected, the complainant to the deprivation of a right secured to him by the Constitution and laws of the United States. *Rizzo v. Goode* (1976), 423 U.S. 362, 370–371, 96 S.Ct. 598, 603–604, 46 L.Ed.2d 561, 569. § 1983, *supra,* " * * * offers relief only to those persons whose federal statutory or federal constitutional rights have been violated * * *." *Bates v. Sponberg,* C.A.6th (1976), 547 F.2d 325, 331[4].

■ Mr. Jenkins has not stated a claim upon which any relief could be granted him herein. Accordingly, his claim herein hereby is DISMISSED *sua sponte* for such reason. *Myers v. Davis,* D.C.Tenn. (1978), 467 F.Supp. 8, 9[2], n. 2.

## IV

The plaintiffs' exception no. 1 to the pretrial order hereby is ALLOWED; their exceptions nos. 2, 3 and 4 hereby are DISALLOWED as moot.

## V

The motion *in limine* herein of September 13, 1982 hereby is DENIED, the preferred practice in this Circuit being to deal with questions of the admissibility of evidence as they arise at trial. *Sperberg v. Goodyear Tire & Rubber Co.*, C.A.6th (1975), 519 F.2d 708, 712[1].

Mrs. Jenkins will have ample opportunity to object to this evidence when, and if, it is offered. There are procedures by which such evidence can be kept from the jury until its admissibility or inadmissibility can be determined. *See* Rules 103(c), 104(c), Federal Rules of Evidence.

## VI

The motion of the plaintiff for leave to amend her complaint as to triplé her *ad damnum* claim will be held under advisement until any objections of the defendant can be heard. *Cf. McKay v. Headley*, D.C. Tenn. (1977), 76 F.R.D. 113, 115[2].