**Blanca Font CASANAS, et al, Plaintiffs,**

v.

**Juan R. DE LEON, et al, Defendants.**

**Civ. No. 85–1086(PG).**

United States District Court, D. Puerto Rico.

April 1, 1986.

Eliezer Aldarondo, Baldrich, Hato Rey, P.R., for plaintiffs.

Angel Tapia Flores, San Juan, P.R., José Hamid Rivera, Santurce, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This action was brought by plaintiffs against defendants seeking declaratory and injunctive relief, back pay and damages arising out of the alleged violation of their civil rights when they were dismissed from their employment due to allegedly political motives.

Jurisdiction of this Court is predicated on 28 U.S.C. § 1331, 1343(a)(3) and (4).

Co-defendants Juan R. de León and Maria H. Cardona filed a motion to dismiss or for judgment on the pleadings on January 16, 1986. They argue that all of the plaintiffs which are spouses, or the conjugal partnership formed by both spouses, or sons, daughters or relatives of those plaintiffs who were employed and dismissed by the Municipality of Florida lack standing to sue because they have not been deprived of a personal constitutional right.

Co-plaintiffs the spouses of the alleged discharged employees, their conjugal partnerships, sons and daughters, and relatives filed an opposition to the motion to dismiss wherein they allege that the dismissal of the plaintiffs employees caused them direct economic and mental damages. They further argue that the conjugal partnership as owner of the salary of the spouse [1] has suffered economic harm.

In order to state a claim cognizable under 42 U.S.C. § 1983, a plaintiff must allege initially "that some person has deprived *him* of a federal right." (emphasis added) *Gómez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). Section 1983 imposes liability only for conduct which subjects, or causes to be subjected, the complainant to the deprivation of a right secured to him by the Constitution and laws of the United States. *Rizzo v. Goode*, 423 U.S. 362, 370–71, 96 S.Ct. 598, 603–04, 46 L.Ed.2d 561 (1976); *Parrot v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981). The law seems clear that one person may not sue, nor recover damages, for the deprivation of another person's civil rights. *United States v. Madison County Board of Education*, 379 U.S. 929, 85 S.Ct. 324, 13 L.Ed.2d 341 (1964); *O'Mally v. Brierley*, 477 F.2d 785, 789 (3rd Cir.1973).

The plaintiffs which are not employees of the Municipality allege economic harm. However, they failed to show that any recognized legally valid right was violated by defendants' alleged dismissal of the employees for political reasons.[2] *See, e.g., Dohaish v. Tooley*, 670 F.2d 934 (10th Cir.1982) (a father of a student did not suffer any violation of his civil rights be-

---

1. 31 L.P.R.A. § 3641 defines community property to include "the product of the industry, salary or work of the spouses, or any of them."

2. Even as to the economic harm, the relatives of the discharged employees fail to show personal injury in fact for their injuries are too indirect and speculative.

cause the discrimination alleged did not extend to him as father of the student); *Jenkins v. Carruth,* 583 F.Supp. 613 (E.D. Tenn.1982) (husband lacked standing to recover damages under section 1983 for the deprivation by a third party of the civil rights of his wife). Although the conjugal partnership as owner of the spouse's salary and the spouse, as a member of that partnership, may feel the injury when the other spouse is dismissed for political consideration, they do not have a civil right to pursue such an action.[3]

In light of the applicable law and jurisprudence we conclude that the conjugal partnerships, the non-discriminated spouses, their sons and daughters, and the relatives of the alleged discharged employees lacked standing under Article III of the United States Constitution to bring the present action.

In view of the above, co-defendants' motion to dismiss is hereby GRANTED. The complaint shall stand dismissed as to the non-discriminated spouses, the respective conjugal partnerships, their sons and daughters and the relatives of the alleged discriminated employees.

IT IS SO ORDERED.

---

**3.** Not every right is a product of the federal Constitution or laws, and those rights that come from the States rather than from the federal government are not properly the subject of a 1983 action.